CLD-342                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2331
_____

CLARENCE J. ROBINSON,
Appellant

v.

REGIONAL DIRECTOR J.L. NORWOOD;
WARDEN B.A. BLEDSOE; HARRELL WATTS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:11-cv-00631)
District Judge: Honorable A. Richard Caputo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 18, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed August 13, 2013)
_____

OPINION
_____

PER CURIAM

Pro se Appellant Clarence J. Robinson appeals the District Court's order granting

Appellees' motion to dismiss or, in the alternative, motion for summary judgment and

denying his motions to amend. For the reasons set forth below, will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

Because we primarily write for the parties, we will recite only the facts necessary for our discussion. The Bureau of Prisons ("BOP") has established Special Management Units ("SMUs") at some of its institutions for the purpose of managing certain types of inmates who present security risks or management concerns. In June 2009, while confined at USP-Victorville, in Victorville California, Robinson was recommended for placement in the SMU based on his extensive disciplinary history, including instances related to the possession of a weapon, possession of intoxicants, and engaging in sexual acts. Robinson was notified that he had been referred for placement in the SMU and that a hearing would be held to determine whether referral was appropriate. Robinson appeared at the August 2009 hearing via telephone-conference and he did not present any documentary evidence or witness statements. The Hearing Administrator concluded that Robinson met the following criteria for SMU designation: (1) "The inmate has a history of serious and disruptive disciplinary infractions;" and (2) "The inmate otherwise participated in or was associated with activity such that greater management of the inmate's interaction with other persons is necessary to ensure the safety, security, or orderly operation of the Bureau facilities or protection of the public."

On March 1, 2010, Robinson was transferred to USP-Lewisberg and placed in the SMU. He filed an administrative grievance contesting his SMU placement, which was

denied. In April 2011, Robinson filed a <u>Bivens</u>[1] against BOP Northeast Regional Director J.L. Norwood, BOP National Inmate Appeals Administrator Harrell Watts, and Warden B.A. Bledsoe, alleging that his constitutional rights had been violated in connection with his SMU placement. The defendants moved to dismiss the complaint or, alternatively, for summary judgment. Robinson filed three motions to amend the complaint. The District Court granted the defendants' motion and denied Robinson's motions to amend. Robinson timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a district court's order granting or denying summary judgment, applying the same standard as the district court. See <u>Tri–M Grp., LLC v. Sharp</u>, 638 F.3d 406, 415 (3d Cir. 2011). We will affirm only if "drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." <u>Id.</u> We may summarily affirm the District Court's decision if the appeal presents no substantial question. See L.A.R. 27.4; I.O.P. 10.6.

## III.

Robinson argues that his placement in the SMU at USP-Lewisburg violated his constitutional rights. However, to the extent that he is alleging a violation of the Due

---

[1] <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Process Clause of the Fourteenth Amendment, Robinson's placement in the SMU did not constitute a dramatic departure from the accepted standards for conditions of confinement such that due process was implicated. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Transfers from lesser to more restrictive units in a prison generally do not implicate a protected liberty interest because some incursions on liberty are to be expected within a prison. Sandin, 515 U.S. at 485. See also Fraise v. Terhune, 283 F.3d 506 (3d Cir. 2002) (transfer to Security Threat Group Management Unit ("STGMU"), through which gang leaders are identified and isolated, taught non-violent conflict resolution, and released back into the general population upon successful completion of the program, does not implicate protected liberty interest). Due process concerns arise when the conditions of confinement impose "atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of prison life." Id. Placement in administrative segregation for days or months at a time does not implicate a protected liberty interest. See Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002) (no liberty interest in avoiding 120 days of administrative custody); Griffin, 112 F.3d at 706 (conditions in administrative segregation do not impose "atypical or significant hardship").

Here, there is nothing in the record that the BOP's basis to transfer Robinson to the SMU was improper, nor are there any facts to suggest that Robinson's placement in the SMU subjected him to "atypical or significant hardship." See Sandin, 515 U.S. at 484. Robinson's placement in the SHU at USP-Lewisburg was within "the ordinary incidents of prison life" and, thus, did not violate his constitutional rights. See Torres v.

4

Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002); <u>Griffin v. Vaughn</u>, 112 F.2d 703, 706-08 (3d Cir. 1997).[2]

Additionally, to the extent that Robinson alleges a violation of his Eighth Amendment rights, he has not demonstrated (1) that his placement in the SMU resulted in the denial of any basic human need, (2) that he was "incarcerated under conditions posing a substantial risk of serious harm," <u>Farmer v. Brennan</u>, 511 U.S. 825, 828 (1994), or (3) that prison officials demonstrated a "deliberate indifference" to his health or safety. <u>Id.</u> Accordingly, there is no basis for relief and summary judgment was proper.

IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. <u>See</u> 3d Cir. L.A.R 27.4; I.O.P. 10.6.[3]

---

[2] Regardless of whether Robinson had a liberty interest, he was afforded a hearing before he was placed in the SMU and there are no allegations that he did not receive the process he was due.

[3] We agree with the District Court's decision to deny Robinson's motions to amend the complaint.